UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Chuck Schwalbe;<br>on behalf of himself and other<br>past and present similarly situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Linnihan Foy Advertising, LLC,<br>a Minnesota limited liability company;<br>Neal Linnihan,<br>individually; and<br>Sean Foy,<br>individually,<br><br>　　　　　Defendants. | Civil No. 06-CV-1295 (JRT/FLN)<br><br><br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)** |

　　　　Defendants Linnihan Foy Advertising, LLC ("Linnihan-Foy"), Neal Linnihan ("Linnihan") and Sean Foy ("Foy") submit this memorandum in support of dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1).  Plaintiff Chuck Schwalbe's ("Schwalbe") claims are compulsory counterclaims he was required to assert, if at all, in an action currently pending in Hennepin County District Court, Minnesota ("the State Court action").  Linnihan-Foy has asserted claims against Schwalbe in the State Court action for breach of his employment agreement, breach of fiduciary duty, misappropriation of trade secrets, and tortious interference.  Those claims arise out of the same transaction at issue in this case – Schwalbe's employment relationship with Linnihan-Foy.  Minnesota Rule of Civil Procedure 13.01 bars Schwalbe from now bringing claims arising out of the same transaction in federal court.  Accordingly, this

Court lacks subject matter jurisdiction to hear Schwalbe's overtime claims and should dismiss this action under Rule 12(b)(1).  To rule otherwise would needlessly sanction duplicative litigation, unnecessarily increase costs, and invite inconsistent determinations.

## FACTS

**1.    Schwalbe's Employment Relationship with Linnihan-Foy.**

Linnihan-Foy is a Minneapolis, Minnesota advertising firm.  (Complaint, Linnihan Foy Advertising v. Schwalbe, No. CT 05-009871 (Minn. Dist. Ct.) ("State Compl.") ¶ 1.)[1]  Linnihan-Foy's sole members are the individual defendants, Linnihan and Foy. (State Compl. ¶ 6.)

Schwalbe is a former Linnihan-Foy employee.  (State Compl. ¶ 2.)  From October 2003 to April 2005, Schwalbe held the position of Vice President/Account Supervisor at Linnihan-Foy.  (Id. Exs. A and B.)  The terms and conditions of Schwalbe's employment, including the terms of his compensation, were set forth in an Employment Agreement he signed as a condition of employment.  (Id. Ex. A.)

As a Vice President/Account Supervisor, Schwalbe was responsible for obtaining new advertising business and managing Linnihan-Foy customer relationships.  (State Compl. ¶ 13.)  All of the customer relationships Schwalbe developed were done so at the expense of Linnihan-Foy.  (Id.)  To protect those relationships, Linnihan-Foy required Schwalbe to enter into a noncompete agreement as a condition of employment.  (Id. Ex.

---

[1] The State Complaint is attached as Exhibit 1 to the Affidavit of Courtland C. Merrill ("Merrill Aff.") filed herewith.

A ¶ 5.)[2]  Schwalbe also agreed to maintain the confidentiality of Linnihan-Foy customer information and refrain from using it for any purpose other than his employment.  (Id. Ex. A ¶ 6.)

**2.    Schwalbe's Breach of Fiduciary Duty and Breach of the Employment Agreement.**

During his employment, Schwalbe became dissatisfied with his commission structure at Linnihan-Foy.  (Schwalbe Dep. at 108:1-111:4; Merrill Aff. Ex. 3.)[3]  Schwalbe wanted a larger portion of the revenues from Linnihan-Foy accounts he serviced.  (Id.)  When Lininihan-Foy declined to provide him a larger commission, Schwalbe decided to open his own business providing advertising services to Linnihan-Foy's customers.  (Schwalbe Dep. at 117:12-119:9.)

Schwalbe resigned on April 1, 2005 and informed Linnihan-Foy that he intended to solicit its customers – a direct breach of the Employment Agreement.  (State Compl. ¶ 16 and Ex. B; Schwalbe Dep. at 119:14-23, 120:19-123:8.)  By the time he resigned, Schwalbe had already informed Linnihan-Foy customers about his business plans.  (Schwalbe Dep. at 125:6-130:2.)   As Schwalbe candidly admitted in his deposition, he discussed his new business plans with the customers before doing so with Linnihan-Foy

---

[2] Schwalbe promised that "for a period of two (2) years immediately following the termination of his employment" he would "not, directly or indirectly … compete against [Linnihan-Foy] … for existing customers, prospective customers or employees of [Linnihan-Foy]."  (State Compl. Ex. A ¶ 5.)  Schwalbe promised he would not "solicit the customers or prospective customers of [Linnihan-Foy] to purchase advertising, web development or public relations services from a source other than [Linnihan-Foy] for a period of two (2) years immediately following the termination of his employment."  (Id. ¶ 5(a).)

[3] Excerpts from the deposition testimony of Chuck Schwalbe ("Schwalbe Dep.") are attached as Exhibit 2 of the Merrill Aff.

because "without those clients, I would not have an income." (Schwalbe Dep. at 130:4-21.) Schwalbe admits he placed his own interest in a business relationship with the customers ahead of his employment relationship with Linnihan-Foy. (Id. at 130:9-18.) Immediately after Schwalbe resigned, the customers terminated their business relations with Linnihan-Foy and began receiving advertising services directly from Schwalbe. (State Compl. ¶ 17; Schwalbe Dep. at 140:7-25; Merrill Aff. Exs. 4 and 5.)

In addition to soliciting customers, Schwalbe diverted Linnihan-Foy revenues to himself during his employment. (State Compl. ¶ 31.) Schwalbe collected money at his new business for work he performed during his employment at Linnihan-Foy. (Merrill Aff. Ex. 6.) A May 15, 2005 invoice from Schwalbe's new business, Schwalbe Marketing Group, unequivocally shows that that he collected $2,500 from Linnihan-Foy customer Panchero's for a March 11, 2005 photography session he arranged as a Linnihan-Foy employee. (Id. at CS00089; Schwalbe Dep. at 166:4-169:19.)

3. **Linnihan-Foy Filed the State Court Action to Protect Its Rights Under the Employment Agreement.**

Linnihan-Foy informed Schwable at the time of his resignation that solicitation of its customers was a breach of the Employment Agreement. (Schwalbe Dep. 139:21-25; Merrill Aff. Ex. 7.) In response, Schwalbe informed Linnihan-Foy he was considering claims against it for allegedly violating the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., by failing to pay overtime. (Merrill Aff. Ex. 8.)

On May 24, 2005, Linnihan-Foy commenced the State Court action against Schwalbe, asserting claims for breach of contract, breach of fiduciary duty,

misappropriation of trade secrets, and tortious interference. (State Compl. ¶ 3.) Schwalbe never asserted overtime claims in the State Court action despite his admitted knowledge of their accrual. (Merrill Aff. Ex. 9.) Instead, Schwalbe counterclaimed for malicious prosecution and tortious interference.[4] Schwalbe has never sought to amend his pleadings in the State Court action. The deadline to move to amend pleadings in the State Court action expired on December 1, 2005. (Merrill Aff. Ex. 10.)

**4.     Schwalbe Filed the Present Case in Federal Court Asserting Claims Arising Out of His Employment at Linnihan-Foy.**

Schwalbe filed the present case on April 4, 2006. (Merrill Aff. Ex. 11.) Schwalbe waited until after he was deposed in the State Court action, on April 12, 2006, before serving a copy of the Summons and Complaint on April 13, 2006. (Id.) It appears Schwalbe did so to prevent discovery about the present case.

In his Complaint, Schwalbe alleges he "routinely worked in excess of forty (40) hours per week without compensation" as a Linnihan-Foy employee. (Merrill Aff. Ex. 11 ¶ 6.) Schwalbe claims Linnihan-Foy violated the FLSA, 29 U.S.C. § 201, et seq. (Id. ¶ 7.) He also claims Linnihan-Foy violated Minnesota law governing the payment of wages and commissions, "including Minn. Stat. § 177.25, Minn. Stat. § 181.06, Minn. Stat. § 181.13, Minn. Stat. § 181.145, and Minn. Stat. § 181.79." (Id. ¶ 9.) For relief, Schwalbe seeks a judgment in "an amount equal to Plaintiff's unpaid back wages at the

---

[4] Schwalbe's counterclaim for malicious prosecution is based on his claim that the State Court action itself is a purported form of malicious prosecution. (Merrill Aff. Ex. 9 at ¶ 15.) Schwalbe's counterclaim for tortious interference/unfair competition is based on letters Mr. Linnihan sent to the Linnihan-Foy customers Schwalbe solicited. (Id. ¶¶ 18-20.) Linnihan-Foy has moved for summary judgment on both counterclaims.

applicable rate, or as the case may be, applicable overtime rate," and "for an amount equal to unpaid wages and penalties." (Merrill Aff. Ex. 11 at Prayer for Relief Nos. 1 and 2.)

## ARGUMENT

Schwalbe's claims in the present action are compulsory counterclaims that he was required to assert, if at all, in the pending State Court action. If a counterclaim is compulsory, it must brought in the instant action or will be forever barred. Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 469 n.1 (1974). Claims made under the FLSA, 29 U.S.C. § 201, et seq., have concurrent jurisdiction in state and federal courts. 29 U.S.C. § 216(b); Hales v. Winn-Dixie Stores, Inc., 500 F.2d 836, 840 (4th Cir. 1974); Keen v. Mid-Continent Petroleum Corp., 58 F. Supp. 915, 919 (N.D. Iowa 1945), aff'd, 157 F.2d 310 (8th Cir. 1946). Inexplicably, Schwalbe failed to assert his overtime claims in the State Court action even though he knew they had accrued. Minnesota Rule of Civil Procedure 13.01 now bars him from bringing those claims in federal court. Accordingly, this Court should dismiss this case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

**A.    Dismissal Under Fed. R. Civ. P. 12(b)(1) Is Appropriate Where a Party's Claims Are Compulsory Counterclaims in a Pending Action.**

Dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction is appropriate where claims are compulsory counterclaims in another action. See Owens v. Blue Tee Corp., 177 F.R.D. 673, 680 (M.D. Ala. 1998) (dismissing plaintiff's claims under Rule 12(b)(1) as unpled compulsory counterclaims to earlier

action in another district). Unlike a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a Rule 12(b)(1) motion can attack the jurisdictional allegations in the plaintiff's complaint regardless of whether the complaint otherwise sufficiently states a claim. See Bell v. Hood, 327 U.S. 678, 682 (1946); Kuhn v. National Ass'n of Letter Carriers, Branch 5, 570 F.2d 757, 760 n.5 (8th Cir. 1978); St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

A Rule 12(b)(1) motion may challenge the sufficiency of the pleading on its face or may challenge the factual truthfulness of its averments. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993); Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir.1990); Carlson Holdings, Inc. v. NAFCO Ins. Co., 205 F. Supp. 2d 1069, 1074 (D. Minn. 2001). In a factual challenge, the court considers matters outside the pleadings. Osborn, 918 F.2d at 729 n.6. "Jurisdictional issues, whether they involve questions of law or fact, are for the court to decide." Id. "[T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. at 730, quoted in Faibisch v. University of Minn., 304 F.3d 797, 801 (8th Cir. 2002). The court may rely on affidavits or any other evidence. Faibisch, 304 F.3d at 801; Osborn, 918 F.2d at 728. Submission of evidence outside of the pleadings in support of dismissal under Rule 12(b)(1) does not convert the motion to one for summary judgment under Federal Rule Civil Procedure 56. Osborn, 918 F.2d at 729.

Here, Schwalbe, the party asserting jurisdiction, bears the burden of proving that the District of Minnesota has subject matter jurisdiction over his claims despite his knowing failure to assert them in the State Court action. Kokkonen v. Guardian Life Ins.

7

Co. of Am., 511 U.S. 375, 377 (1994) (party asserting jurisdiction carries burden); Osborn, 918 F.2d at 730 (same); Smith v. United States, No. Civ. 02-4378 RHK/AJB, 2004 WL 1701036, at *4 (D. Minn. July 29, 2004) (dismissing action for lack of subject matter jurisdiction). Schwalbe cannot sustain his burden.

**B.    Schwalbe's Claims Are Compulsory Counterclaims He Failed to Raise in State Court.**

Schwalbe's overtime claims are compulsory counterclaims in the State Court action because they arise out of his employment relationship – the very same transaction at issue in both cases. Minnesota Rule of Civil Procedure 13.01 requires a party responding to a pleading to:

> … state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction …

Minn. R. Civ. P. 13.01. See, e.g., Har-Mar, Inc. v. Thorsen & Thorshov, Inc., 218 N.W.2d 751, 753 (Minn. 1974) (counterclaim by shopping center for defective roof design was compulsory to architect firm's claim for unpaid fees). Rule 13.01 is similar to Federal Rule of Civil Procedure 13(a). See 1 David F. Herr & Roger S. Haydock, Minnesota Practice Series: Civil Rules Annotated § 13.2 (West 2002).[5]

---

[5] Federal Rule of Civil Procedure 13(a) applies to claims arising "out of the transaction or occurrence" giving rise to the opposing party's claim. Minnesota Rule 13.01 omits the word "occurrence" and applies to claims arising from the same "transaction." This omission was an intentional action of the Advisory Committee to avoid making personal injury claims compulsory counterclaims. House v. Hanson, 72 N.W.2d 874, 878 (Minn. 1955); 1 David F. Herr & Roger S. Haydock, Minnesota Practice Series: Civil Rules Annotated § 13.2 (citing 1951 Advisory Committee Note). The distinction is irrelevant

8

"Transaction" is construed broadly to avoid the unnecessary expense inherent in multiplicious litigation. Columbia Plaza Corp. v. Security Nat'l Bank, 525 F.2d 620, 625 (D.C. Cir. 1975). Where two or more actions arise from one transaction, disposing of all questions of both law and fact in a single action serves the purpose of simplifying litigation, avoiding multiplicity of suits and preventing inconsistent outcomes. State ex rel. Hierl v. District Court, Seventh Judicial Dist., 54 N.W.2d 5, 7 (Minn. 1952).

Because "transaction" is given a flexible definition, it "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." Moore v. New York Cotton Exchange, 270 U.S. 593, 610 (1926). A claim has a logical relationship to the original action if the same aggregate of operative facts serves as the basis for both claims. Fox Chemical Co. v. Amsoil, Inc., 445 F. Supp. 1355, 1361 (D. Minn. 1978) (defendant's libel counterclaim was compulsory to plaintiff's Lanham Act claim because both stemmed from the facts surrounding defendant's representations about its product).

---

to this case because FLSA and Minnesota overtime claims are not personal injury claims. See Acebal v. United States, 60 Fed. Cl. 551, 556 (2004) (FLSA overtime claims did not abate on claimant's death because injuries "were not to the person of the decedents, but to their financial estates"). A personal injury is "a hurt or damage done to a man's person, such as a cut or bruise, a broken limb, or the like, as distinguished from an injury to his property or his reputation." Black's Law Dictionary 541 (Abridged 6th ed. 1991); Lipka v. Minn. School Employees Assoc. Local 1980, 537 N.W.2d 624, 629 (Minn. Ct. App. 1995), aff'd as modified, 550 N.W.2d 618 (Minn. 1996) (employment-related contract claims do not abate at claimant's death because they do not arise out of an injury to person).

**1.     Schwalbe's Overtime Claims Arise From the Same Transaction as Linnihan-Foy's Claims in the State Court Action – Schwalbe's Employment at Linnihan-Foy.**

Schwalbe's overtime claims logically relate to the claims in the State Court action because the same aggregate of operative facts serve as the basis for both claims – the performance of Schwalbe's duties as a Linnihan-Foy employee.  See Automated Dataron, Inc. v. Woodcock, 84 F.R.D. 408, 413 (D.D.C. 1979) (logical relationship "clearly exists" between an employer's claim for breach of fiduciary duty and employee's counterclaim for unpaid monies under employment agreement); Zuckert v. Berkliff Corp., 96 F.R.D. 161, 162-63 (N.D. Ill. 1982) (employer's counterclaim for breach of fiduciary against a former employee was compulsory to an employee's claim for unpaid commissions because claims "inextricably related" to employee's performance of employment contract); Weiser v. Trapper John Animal Control, Inc., No. 6:05-cv-00325, 2005 WL 1712039, at *2 (M.D. Fla. 2005) (employer's counterclaims for overpaid commissions against former employee were compulsory to employee's FLSA claims because both arose from the same transaction – the employment relationship).

In McConnell v. Applied Performance Technologies, Inc., the Southern District of Ohio dismissed a former employee's FLSA and state law overtime claims that he failed to assert in an earlier state court action brought by his employer for reimbursement of overtime compensation.  No. C2-01-1273, 2002 WL 32882707, at *5-7 (S.D. Ohio Dec. 11, 2002), aff'd, 98 Fed. Appx. 397 (6th Cir. April 21, 2004).  In that case, the court found that the overtime claims logically related to the earlier case because they arose from the same transaction – the employment relationship.  Id. at *7-8.  The court found it

10

insignificant that that state court action was limited to compensation during a ten-month period while the overtime claims spanned a period of three years. Id. at *7. The court also noted that trying the claims separately would subject the parties to substantial duplication of time and effort. Id. at *8. The same analysis applies here.

In the State Court action, Linnihan-Foy will show that Schwalbe breached his fiduciary duty to Linnihan-Foy by soliciting customers for his own benefit during his employment. Linnihan-Foy will also show that Schwalbe diverted revenues to himself during his employment. Schwalbe's breach of fiduciary duty was knowing and willful.

In the present case, Schwalbe will attempt to show that the FLSA applies to him because of his activities as a Linnihan-Foy employee. If required to answer, Linnihan-Foy will show that Schwalbe's duties as an employee did not entitle him to overtime under the FLSA or Minnesota law. Thus, the essential facts of Schwalbe's claims in the present case involve the same employer-employee relationship from which Linnihan-Foy's claims in the State Court action arise. Accordingly, Schwalbe's claims in this case were compulsory counterclaims in the State Court action because they arise from the very same transaction – Schwalbe's employment.

Moreover, Minnesota law dictates that because Schwalbe obtained compensation while knowingly breaching his fiduciary duty to Linnihan-Foy, all of his compensation must be forfeited. Gilchrist v. Perl, 387 N.W.2d 412, 414 (Minn. 1986); Rice v. Perl, 320 N.W.2d 407, 411 (Minn. 1982); Bolander v. Bolander, 703 N.W.2d 529, 549 (Minn. Ct. App. 2005). Rice specifically noted that "any fiduciary" who "breaches his duty to his

client forfeits his right to compensation." 320 N.W.2d at 411. The Minnesota Supreme Court made clear how forcefully this rule was to be enforced, holding:

> … the law has traditionally been unyielding in its assessment of penalties when a fiduciary, or trustee, or agent has breached any of his obligations. The underlying policy is a strong one. It recognizes that insuring absolute fidelity to the principal's (or beneficiary's) interests is fundamental to establishing the trust necessary to the proper functioning of these relationships.

Id.

Minnesota law is clear that the penalty for the knowing breach of fiduciary duty is the loss of the right to any compensation based on that duty. Commercial Associates, Inc. v. Work Connection, Inc., --- N.W.2d ---, 2006 WL 997820, at *6 (Minn. Ct. App. Apr. 18, 2006) (in a breach of fiduciary duty action, "if the trier of fact determines that there is actual fraud or bad faith, the result is total fee forfeiture."); Backus v. Finkelstein, 23 F.2d 357, 361 (D. Minn. 1927) (breach of fiduciary duty "carries with it a forfeiture of all compensation which otherwise might be due."). As a result, all of Schwalbe's compensation must be forfeited as damages for his breach of fiduciary. Thus, not only do the claims arise from the same transaction, but Schwalbe's claimed damages in the present case are set off by some of Linnihan-Foy's damages in the State Court action. See Vazquez v. Tri-State Management Co., Inc., No. 01C5926, 2002 WL 58718, at *5 (N.D. Ill. Jan. 14, 2002) (employer's counterclaim to reclaim a company car and cell phone from former employee was compulsory to the employee's FLSA claim).

If Linnihan-Foy is required to answer Schwalbe's claims in the present case, the parties will be forced to re-litigate as defenses the same claims pending in the State Court

action.  The parties will be required to re-plow the same discovery in the District of Minnesota action as covered in the State Court action.  This Court would be required to determine the same claims currently pending in the State Court action.

Duplication appears to be the very reason Schwalbe has commenced a federal court action.  Schwalbe has been disappointed with Judge Holahan's rulings in the State Court Action.  Judge Holahan denied Schwalbe's motion for summary judgment in October 2005.  (Merrill Aff. Ex. 11.)  The present case is an attempt by Schwalbe to change judges.

### 2. There Are No Third Parties Necessary for Adjudication for Whom Jurisdiction Could Not Have Been Had in State Court.

Finally, the Hennepin County District Court clearly had jurisdiction over Messrs. Linnihan and Foy and any current or former Linnihan-Foy employee(s) that Schwalbe could possibly claim to be a party to this case.  The fact that Schwalbe has added Messrs. Linnihan and Foy as parties in the present case did not prevent Schwalbe from asserting his overtime claims in the pending State Court action.  The fact that Schwalbe labeled the present case a class action, purportedly brought "on behalf of himself and others past and present similarly situated," did not prevent him from raising the claims in the State Court action.

A counterclaim is not compulsory when it requires for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.  Minn. R. Civ. P. 13.01.  But here, Messrs. Linnihan and Foy are residents of the state of Minnesota.  Linnihan-Foy is a Minnesota limited liability company.  All of its current and former

13

employees have availed themselves of jurisdiction in the State of Minnesota through their employment at Linnihan-Foy.  Moreover, Schwalbe admitted in his deposition that he knows of no current or former employee who claims they are owed unpaid overtime by Linnihan-Foy.  (Schwalbe Dep. at 195:14-196:19.)

## CONCLUSION

Schwalbe's claims for overtime pay in the Federal action are compulsory counterclaims he was required to assert, if at all, in the pending State Court action.  Schwalbe failed to assert overtime claims in the State Court action.  Accordingly, Minnesota Rule of Civil Procedure 13.01 bars him from bringing those claims in federal court.

Dated:  May 3, 2006         ANTHONY OSTLUND & BAER, P.A.


By   *s/Courtland C. Merrill*
     Joseph W. Anthony (#2872)
     Courtland C. Merrill (#311984)
3600 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone (612) 349-6969
Fax (612) 349-6996

ATTORNEYS FOR DEFENDANTS

112926.1